Citation Nr: 1132130 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 08-35 833 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Davitian, Counsel


INTRODUCTION

The Veteran had active service from July 1960 to August 1963.

This matter comes before the Board of Veterans' Appeals (BVA or Board) from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

When this case was previously before the Board in July 2010, it was remanded for additional development. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

A preliminary review of the record indicates that this claim requires additional development. 

The Board's July 2010 remand noted that VA audiological examinations conducted in October 2007 and October 2008 did not show that the Veteran had current left or right ear hearing loss "disability" for VA purposes. 38 C.F.R. § 3.385. The Board noted that the Veteran had submitted private audiological examinations (dated in November 2007 and March 2009) that showed, according to the Veteran, (and apparently conceded to by VA in the July 2009 supplemental statement of the case) bilateral hearing loss disability for VA purposes. The Board stated that as it appeared that the Veteran had submitted evidence of current hearing loss disability, and as the prior VA audiological examinations did not contain an opinion of etiology when a current hearing loss disability was present, the Veteran should be scheduled for another VA audiological examination. The VA examiner was to review and interpret the November 2007 and March 2009 private audiological examination reports, and provide an opinion as to whether it was at least as likely as not that the Veteran had current hearing loss disability that was related to his active military service.

In the report of an August 2010 VA examination, a VA examiner stated that the Veteran's bilateral hearing was normal. In an April 2011 opinion, the same examiner noted that it was possible that there was some shift in hearing during the Veteran's active duty but he was not able to confirm it with any degree of certainty. He recognized there was hearing loss bilaterally on the tests of November 2007 and March 2009, but concluded that the test of August 2010 "would supersede their evaluations as far as opinions in hearing levels." 

The Court of Appeals for Veterans Claims (Court) held in McClain v. Nicholson, 21 Vet. App. 319 (2007), that as long as a veteran had a diagnosed disability during the pendency of the claim, service connection criteria requiring a current disability was satisfied. Thus, in the present case the VA examiner's April 2011 opinion as to the etiology of the Veteran's bilateral hearing loss is inadequate, and an opinion as to whether any previously existing bilateral hearing loss was incurred or aggravated in service is still necessary. 

The Court has made it clear that once the Secretary undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, he must provide an adequate one. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (noting that once the Secretary undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, he must provide an adequate one); see also Daves v. Nicholson, 21 Vet. App. 46, 51 (2007), citing Green v. Derwinski, 1 Vet. App. 121, 123-124 (1991); Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence... is essential for a proper appellate decision"); see also 38 C.F.R. § 4.2 (2010) (noting that if the examination report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes).

The Board also observes that subsequent to the Board's July 2010 remand, the Veteran submitted the report of an August 2010 private audiological examination. This examination was conducted after the Veteran's August 2010 VA examination, and the report appears to show bilateral hearing loss for VA purposes. 38 C.F.R. § 3.385. 

Accordingly, the case is REMANDED for the following action:

1. Forward the Veteran's claims folder to the VA examiner who conducted the August 2010 VA audio examination, and provided the April 2011 medical opinion. The examiner is requested to review, interpret, and identify the puretone threshold level, in decibels, at 500, 1000, 2000, 3000 and 4000 Hertz for each ear, as reflected on the November 2007, March 2009 and August 2010 private audiological examination reports. 

The examiner is asked to opine whether it is at least as likely as not (50 percent or more likelihood) that the Veteran's bilateral hearing loss shown on private examination in November 2007 and March 2009, and possibly shown on private examination in August 2010, began during or as a result of acoustic trauma during active duty. The examiner is requested to provide a rationale for all opinions expressed. 

If the VA examiner who conducted the August 2010 VA audio examination, and provided the April 2011 medical opinion, is unavailable, a suitable substitute may conduct the requested review and provide the requested medical opinion. An additional examination of the Veteran should be scheduled only if deemed necessary to provide the requested opinion.

2. Then, readjudicate the Veteran's claim, addressing all evidence received since the Board's July 2010 remand. If the benefit sought on appeal remains denied, the Veteran should be provided an SSOC and afforded an opportunity to respond. The case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).